UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ASSOCIATION OF INDEPENDENT
PROPERTY BROKERS AND AGENTS,
INC.,

    Plaintiff,

v.                                                   Case No: 5:13-cv-342-Oc-10PRL

ANTHONY FOXX, UNITED STATES
DEPARTMENT OF
TRANSPORTATION FEDERAL
MOTOR CARRIER SAFETY
ADMINISTRATION and UNITED
STATES SECRETARY OF
TRANSPORTATION

    Defendants.

## Order

This case comes before the Court for consideration of Plaintiff's Time Sensitive Motion to Vacate Order Granting Stay, filed October 16, 2013. (Doc. 12). Defendants have not yet responded.

This is an action for declaratory judgment brought against Defendants by Plaintiff, Association of Independent Property Brokers and Agents, Inc. Plaintiff is a not-for-profit trade association comprised of brokers who arrange for the transportation of property via trucks, often across state lines. (Doc. 1, ¶¶ 1-3). Plaintiff challenges recent amendments to 39 U.S.C. § 13906(b) that impose higher bond amounts and more stringent requirements on property brokers seeking to obtain a license from the Federal Motor Carrier Safety Administration ("FMCSA").

Plaintiff claims that these amendments violate its members' substantive due process rights under the Fifth Amendment. (Doc. 1, ¶ 22).

Plaintiff's filed an Amended Complaint on September 24, 2013 (Doc. 8), and Defendants have not yet answered. Meanwhile, the current lapse in appropriations to government agencies occurred, and the parties submitted a Consent Motion for Stay of Case in Light of Lapse of Appropriations (Doc. 9). The parties requested a stay of the case on the basis of the furlough of employees of the Department of Justice and Defendant agencies, and the Court granted the stay. (Doc. 10).

On October 7, 2013, however, Defendants filed a notice (Doc. 11) clarifying misstatements made in the consent motion. Specifically, Defendants clarified that appropriations to FMCSA have not lapsed. Defendants, stated, however, that the mistake was not material because counsel had previously communicated to Plaintiff that employees of FMCSA would be exempted from furlough, and also that employees of the Department of Justice and the Department of Transportation remain prohibited from working under 31 U.S.C. § 1342.

Plaintiff now moves, over Defendants' objection, for the Court to vacate the stay. (Doc. 12). Plaintiff complains that FMCSA continues to enforce the challenged regulations at issue in this case, but Plaintiff is now stayed, by the Court's Order, from seeking injunctive relief. (Doc. 12, ¶ 11). Plaintiff also contends that, because Count II of the Amended Complaint alleges that FMCSA has promulgated a final rule, this action should be heard in the Eleventh Circuit. (Doc. 12, ¶ 12).

Notably, recent events have intervened. In light of the recent resolution to fund the Government, Plaintiff's motion (Doc. 12) is **GRANTED, but only to the extent that the stay is hereby lifted**. The parties are directed to file briefs no later than October 24, 2013 addressing

whether this case should be transferred to the Eleventh Circuit Court of Appeals, as Plaintiff argues.

      **DONE** and **ORDERED** in Ocala, Florida on October 17, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties